**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KUNJ ASSOCIATES, L.P. and KIRAN P. PATEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  1:18-cv-08213 |
| | ) | |
| HIREN PATEL and EDWARD FITZGERALD, | ) | **JURY DEMAND** |
| | ) | **ENDORSED HEREON.** |
| Defendants. | ) | |

## AMENDED COMPLAINT

**NOW COME** the plaintiffs KUNJ ASSOCIATES, L.P. and KIRAN P. PATEL by and through their attorney Paul Caghan and for their Amended Complaint against defendants HIREN PATEL and EDWARD FITZGERALD, state as follows:

1.      The plaintiffs are KUNJ ASSOCIATES, L.P., a Pennsylvania limited partnership, and KIRAN P. PATEL, a resident of Pennsylvania.

2.      The defendant HIREN PATEL is a resident of Cook County, Illinois.

3.      The defendant EDWARD FITZGERALD is a resident of Florida.

4.      At all times relevant, the acts and conduct by defendant HIREN PATEL took place in Cook County, Illinois.

5.      At all times relevant, the acts and conduct by defendant EDWARD FITZGERALD took place in Cook County, Illinois.

6.      At all times relevant, defendant HIREN PATEL was acting individually and as officer of The National Republic Bank of Chicago.

7.     At all times relevant, EDWARD FITZGERALD was acting as agent, servant and employee of his boss HIREN PATEL and officer of The National Republic Bank of Chicago. HIREN PATEL had a Master-Servant relationship with EDWARD FITZGERALD.

## COUNT 1

## <u>FRAUD</u>

### HIREN PATEL and EDWARD FITZGERALD

8.     Plaintiffs reassert and reallege the preceding paragraphs of the Complaint as if fully set forth at length herein.

9.     Plaintiffs were owners and investors in a strip mall located at 270-280 Glen Ellyn Road, Bloomingdale, Illinois, owned by Pragat Purshottam Inc.

10.     Pragat Purshottam Inc. had an original indebtedness of $275,000.00 pursuant to Promissory Note dated November 29, 2006; increased to $519,000.00 pursuant to First Loan Modification and Ratification Agreement dated July 24, 2008, increased to $1,182,876.44 through consolidation with Promissory Note dated June 16, 2004 pursuant to First Loan Modification and Ratification Agreement dated September 23, 2009; decreased to $1,217,014.48 pursuant to Second Loan Modification and Ratification Agreement dated September 29, 2010, and increased to $1,250,367,93 pursuant to Third Loan Modification and Ratification Agreement dated July 25, 2011.

11.     The subject of this complaint is Fraud by Hiren Patel to obtain $200,000 from plaintiffs under false pretenses. See **Exhibit A**, Kunj Associates, *Check dated March 15, 2013*. Stated another way, Hiren Patel committed Theft by Deception.

12.     On March 15, 2013, at the Four Seasons Hotel New York City, Hiren Patel made oral and written misrepresentations to plaintiffs that he had settled and released in full all liabilities

of Kiran P. Patel and Pragat Purshottam Inc. to National Republic Bank in exchange for $200,000.00 immediately that day and $150,000.00 more in installments over three years. See **Exhibit B**, *Written Agreement*, March 15, 2013.

13.     On March 15, 2013, Hiren Patel signed the Agreement and accepted the check for $200,000 from plaintiffs.  See **Exhibit A**, Kunj Associates, *Check dated March 15, 2013*. The Agreement between Hiren Patel and Kiran P. Patel on March 15, 2013 and receipt of the $200,000.00 check was witnessed by Upendra Patel at the Four Seasons Hotel in New York City.

14.     On or about January 15, 2014, Hiren Patel demonstrated that he lied to Kiran P. Patel and defrauded plaintiffs by directing his attorney Karen White at Burke & White, P.C. to proceed with collection efforts against Pragat Purshottam Inc. for the full loan balance of $1,250,367.93.   As of that date, the balance owed under the written settlement agreement was only $150,000.00.  At all times relevant, Karen White was an agent, servant and employee of Hiren Patel.  Hiren Patel and Karen White had a Master-Servant relationship.

15.     Hiren Patel defrauded plaintiffs to obtain their $200,000 payment and then proceeded for collection against Pragat Purshottam Inc. without legal justification for more than one million dollars despite his material representation to the contrary.

16.     Hiren Patel intended all along to defraud plaintiffs and fraudulently concealed his intent to defraud until it became visible with the collection efforts by Burke & White P.C. on or about January 15, 2014 and thereafter.

17.     In justifiable and reasonable reliance on the agreement by Hiren Patel to release liability for Kiran P. Patel and Pragat Purshottam Inc., plaintiffs gave Hiren Patel $200,000.00. Kiran P. Patel was fraudulently induced by Hiren Patel to execute the Agreement and give him $200,000.00 because of Hiren Patel's false statements on March 15, 2013, written and oral.

18.    At all times relevant, Edward Fitzgerald was acting as the agent, servant and employee of Hiren Patel.  Hiren Patel was the master and Edward Fitzgerald was the servant in the Master-Servant relationship.  Edward Fitzgerald likely assisted in collection efforts against Pragat Purshottam Inc. at the direction and insistence of Hiren Patel which Fitzgerald knew were fraudulent.

19.    Defendants owed a duty to plaintiffs and others to refrain from making false statements of material fact which the defendants intended to induce reliance by plaintiffs thereon, which statements were false, and the falsity was known to defendants, so as not to proximately cause injury and damage to plaintiffs; a duty to refrain from fraud with intent to deceive; to refrain from committing fraud, to refrain from committing fraudulent inducement, and to refrain from fraudulent concealment.

20.    The plaintiffs were not experienced nor sophisticated businessmen and could not have reasonably been expected to anticipate or assume that defendants were actively engaged in fraud.

21.    Plaintiffs did not and could not reasonably have discovered the existence of their causes of action or that they were wrongfully caused, until on or about January 15, 2014 when plaintiffs learned that Hiren Patel had lied and intended to pursue Pragat Purshottam Inc. and collect $1.2 million. At that time, Pragat Purshottam Inc. owed only $150,000 over three (3) years. See **Exhibit B**, *Written Agreement*, March 15, 2013.

22.    The causes of action belonging to plaintiff accrued on or about January 15, 2014 when Hiren Patel rendered false his agreement to release liability by seeking collection from Pragat Purshottam Inc. of $1.2 million.

23.     The statute of limitations in Illinois for fraud claims is five (5) years.  Plaintiffs filed fraud claims against Hiren Patel and Edward Fitzgerald on October 22, 2018.  This is within five (5) years of the accrual of the causes of action on January 15, 2014 and therefore this case is timely under the Statute of Limitations.

24.     Had plaintiffs known the truth, that Hiren Patel's promise of release and discharge of liability for Pragat Purshottam Inc. was a lie, they would not have acted and would not have paid $200,000.00 to Hiren Patel.  The untruths were directly and proximately responsible, in whole or in part, for plaintiffs' losses.

25.     Defendants, with intent to deceive, concealed or suppressed a material fact, that they were personally keeping the $200,000 payment and would not release liability of Pragat Purshottam Inc. as promised.

26.     Defendants were in good faith bound to disclose that material fact, which is equivalent to a false representation, because the concealment or suppression is in effect a representation that what is disclosed is the whole truth. The gist of the action is fraudulently producing a false impression upon the mind of the other party; and this result was accomplished through the use of a false promise, oral and written, by Hiren Patel, and reinforced by his insistence and acceptance of a $200,000 payment.  The concealment or suppression of material facts was done by defendants alone and was not equally within the knowledge or reach of the Plaintiffs.

27.     As a direct and proximate result of the breaches of duty, plaintiffs were injured resulting in economic and pecuniary losses, compensatory damages, special damages, lost dividends, capital expenditures, capital contributions, equity, lost profits, lost business opportunities, diminution of stock value, loss of distributions, returns and interest appreciation,

mental suffering, cognitive effects, depression, anxiety, nervousness, humiliation and those damages and losses are ongoing and will continue in the future, and additional losses.

28.     The injuries and damages suffered by plaintiffs are the direct and proximate result of defendants' breaches of duty to refrain from fraud, fraudulent inducement and fraudulent concealment.

29.     Defendants acted willfully and wantonly, and their acts were malicious and oppressive such that punitive damages should be assessed against them sufficient to deter the defendants and others from engaging in such unlawful conduct in the future.

**WHEREFORE**, the plaintiffs request judgment against HIREN PATEL and EDWARD FITZGERALD, jointly and severally, for the sum of two million five hundred thousand ($2,500,000.00) dollars, punitive damages, all other and further relief to which plaintiffs may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

## COUNT II

## AIDING AND ABETTING FRAUD

### HIREN PATEL and EDWARD FITZGERALD

30.     Plaintiffs reassert and reallege the preceding paragraphs as if fully set forth at length herein.

31.     The actions of defendants as actors and major players in the fraud scheme alternatively constituted aiding and abetting fraud and defendants are liable as are the principals.

32.     The actions of defendants, as alleged herein, were carried out in a knowing and intentional manner, and those actions have proximately caused plaintiffs to suffer substantial damages in the form of economic and pecuniary losses, lost dividends, capital expenditures, capital

contributions, equity, lost profit, lost contracts, distributions, returns, interest appreciation, and personal injuries, mental stress, psychological damage, cognitive effects, depression, degradation, humiliation, embarrassment, anxiety, medical expenses and compensatory and special damages and those economic and pecuniary losses will continue in the future.

33.     The injuries and damages suffered by plaintiffs are the direct and proximate result of defendants' breaches of duty to refrain from aiding and abetting fraud and fraudulent inducement.

34.     Defendants acted willfully and wantonly, and their acts were malicious and oppressive such that punitive damages should be assessed against them sufficient to deter the defendants and others from engaging in such unlawful conduct in the future.

**WHEREFORE**, the plaintiffs request judgment against HIREN PATEL and EDWARD FITZGERALD, jointly and severally, for a sum equal to that awarded by a jury at trial of this matter, punitive damages, all other and further relief to which plaintiffs may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

## COUNT III

### VIOLATIONS OF THE ILLINOIS
### CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT

### HIREN PATEL and EDWARD FITZGERALD

35.     Plaintiffs reassert and reallege the preceding paragraphs of the Amended Complaint as if fully set forth at length herein.

36.     Defendants engaged in a deceptive practice as aforesaid, including but not limited

to the use or employment of deception, fraud, false pretense, false promise, and misrepresentation; and the concealment, suppression or omission of any material fact with intent that others rely upon the concealment, suppression or omission of such material fact.

37.     This occurred in the conduct of trade or commerce.

38.     Defendants intended plaintiffs to rely on the deception.

39.     The representation as to the release and discharge of liability for Kiran P. Patel and Pragat Purshottam Inc. was made as a statement of fact for the listener to rely upon, is treated as a statement of fact and the speaker is bound thereby.

40.     The practice offends public policy and is oppressive. It implicates the state's interest in protecting its consumers.

41.      There is a nexus between the defendants' conduct and general consumer protection concerns because defendants and others participated in an industry-wide practice of consumer fraud which has threatened public injury and substantial injury to consumers in general.

42.     Defendants acted intentionally and with reckless disregard of the truth.

43.     Defendants were aware that HIREN PATEL had engaged in fraudulent transactions.

44.     Nevertheless, defendants failed to bring those transactions (or the possibility of additional fraudulent transactions) to the attention of plaintiffs.

45.     The plaintiffs were not experienced nor sophisticated businessmen and could not have reasonably been expected to anticipate or assume that defendants were actively engaged in fraud.

46.     As a direct and proximate result of the violations of the Illinois Consumer Fraud and Deceptive Practices Act by defendants, those actions have caused plaintiffs to suffer

8

substantial damages in the form of millions of dollars of economic and pecuniary losses, lost dividends, capital expenditures, capital contributions, diminution in value of shares, lost equity, business opportunities, distributions, returns, interest appreciation, compensatory damages, and special damages, and personal injuries, mental suffering, depression, anxiety, nervousness, cognitive effects, degradation, humiliation and such injuries, damages and losses will continue in the future.

47.     Defendants acted willfully and wantonly, and their acts were malicious and oppressive such that punitive damages should be assessed against them sufficient to deter the defendants and others from engaging in such unlawful conduct in the future.

**WHEREFORE,** the plaintiffs request judgment against HIREN PATEL and EDWARD FITZGERALD, jointly and severally, for a sum equal to that awarded by a jury at trial of this matter, punitive damages, all other and further relief to which plaintiffs may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

## COUNT IV

### AIDING AND ABETTING VIOLATIONS OF THE
### ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT

### HIREN PATEL and EDWARD FITZGERALD

48.     Plaintiffs reassert and reallege the preceding paragraphs as if fully set forth at length herein.

49.     Defendants engaged in a deceptive practice as aforesaid, including but not limited to the use or employment of deception, fraud, false pretense, false promise, and misrepresentation; and the concealment, suppression or omission of any material fact with intent that others rely upon the concealment, suppression or omission of such material fact.

50.     This occurred in the conduct of trade or commerce.

51.     Defendants intended plaintiffs to rely on the deception.

52.     The representation as to the release and discharge of liability for Kiran P. Patel and Pragat Purshottam Inc. was made as a statement of fact for the listener to rely upon, is treated as a statement of fact and the speaker is bound thereby.

53.     The practice offends public policy and is oppressive. It implicates the state's interest in protecting its consumers.

54.     There is a nexus between the defendants' conduct and general consumer protection concerns because defendants and others participated in an industry-wide practice of consumer fraud which has threatened public injury and substantial injury to consumers in general.

55.     Defendants acted intentionally and with reckless disregard of the truth.

55.     Defendants were aware that HIREN PATEL had engaged in fraudulent transactions.

56.     Nevertheless, defendants failed to bring those transactions (or the possibility of additional fraudulent transactions) to the attention of plaintiffs.

57.     The plaintiffs were not experienced nor sophisticated businessmen and could not have reasonably been expected to anticipate or assume that defendants were actively engaged in fraud.

58.     As a direct and proximate result of defendants' aiding and abetting violations of the Illinois Consumer Fraud and Deceptive Practices Act, those actions have caused plaintiffs to suffer substantial damages in the form of millions of dollars of economic and pecuniary losses, lost dividends, capital expenditures, capital contributions, diminution in value of shares, lost equity, business opportunities, distributions, returns, interest appreciation, compensatory damages, and

special damages, and personal injuries, mental suffering, depression, anxiety, nervousness, cognitive effects, degradation, humiliation and such injuries, damages and losses will continue in the future.

59.     Defendants acted willfully and wantonly, and their acts were malicious and oppressive such that punitive damages should be assessed against them sufficient to deter the defendants and others from engaging in such unlawful conduct in the future.

60.     Defendants acted willfully and wantonly, and their acts were malicious and oppressive such that punitive damages should be assessed against them sufficient to deter the defendants and others from engaging in such unlawful conduct in the future.

**WHEREFORE**, the plaintiffs request judgment against HIREN PATEL and EDWARD FITZGERALD, jointly and severally, for a sum equal to that awarded by a jury at trial of this matter, punitive damages, all other and further relief to which plaintiffs may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

**COUNT V**

**UNJUST ENRICHMENT**

**HIREN PATEL**

61.     Plaintiffs reassert and reallege the preceding paragraphs of the Amended Complaint as if fully set forth at length herein.

62.     Defendant retained from his excessive compensation paid by the failed bank, and secreted assets, his retention of which violates principles of justice, equity and good conscience.

63.     The proper disclosures by defendant would have avoided substantial harm to plaintiffs.

11

64.     The actions of defendant, as alleged herein, were carried out in a willful, wanton and oppressive manner and proximately caused compensatory and special damages and those economic and pecuniary losses will continue in the future.

65.     The injuries and damages suffered by plaintiffs are the direct and proximate result of defendant's breaches of duty to refrain from fraud and violations of Illinois law.

66.     Defendant retained as a benefit to plaintiffs' detriment that would be unjust for him to retain, his millions of dollars in excessive compensation derived from the amounts paid by plaintiffs in debt service, excessive principal, legal fees, capital contributions, the value of their services, expertise and consultancy, millions of dollars reaped and secreted by defendant Hiren Patel through rampant appraisal fraud at his bank from 2003 to 2014, and other deprivations.

67.     Defendant must disgorge and turnover the sums wrongfully retained because the retention of the benefit violates principles of justice, equity and good conscience.

68.     The court must establish a constructive trust upon the assets of defendant Hiren Patel and order the immediate disgorgement and turnover of secreted assets, the amounts paid for capital reduction and interest on the loans, the capital contributions, renovation expenditures, distributions and the value of services, expertise, consultancy, profits garnered, compensatory damages, consequential damages, special damages, and for costs and attorneys' fees.

69.     Defendant acted willfully and wantonly, and his acts were malicious and oppressive such that punitive damages should be assessed against him sufficient to deter defendant and others from engaging in such unlawful conduct in the future.

**WHEREFORE**, the plaintiffs request judgment against HIREN PATEL, to enter a monetary judgment and establish a constructive trust upon the assets of defendant and order the segregation of illegally secreted funds from legitimately-acquired assets, and all other and further

relief to which plaintiffs may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

## COUNT VI

### DECLARATORY JUDGMENT

### HIREN PATEL and EDWARD FITZGERALD

70.    Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth at length herein.

71.    Alternatively, there is an actual, substantial and immediate controversy between the Plaintiffs and Defendants concerning Patel and Fitzgerald's attempted misuse of the Loan Agreements to illegally evade liability for their fraud and violations of the Consumer Fraud Act. See Def. Motions to Dismiss, filed April 6, 2021.

72.    Based upon the foregoing, the plaintiffs are entitled to a binding declaration from this court as follows:

(i)    With respect to the (1) Promissory Note dated June 16, 2004 in the face amount of $750,000 ("2004 Note") it is cancelled and declared void.

(ii)    With respect to the (2) Mortgage dated June 16, 2004 recorded on June 29, 2004 as document number R2004-173768 ("2004 Mortgage"), it is cancelled and declared void.

(iii)    With respect to the (3) Mortgage dated November 29, 2006 recorded on December 29, 2006 ("2006 Mortgage"), it is cancelled and declared void.

(iv)    With respect to the (4) Promissory Note dated November 29, 2006 in the face amount of $275,000 ("2006 Note"), it is cancelled and declared void.

(v)    With respect to the (5) Security Agreement dated November 29, 2006 ("2006 Security Agreement"), it is cancelled and declared void.

(vi)    With respect to the (6) First Loan Modification and Ratification Agreement dated July 24, 2008, it is cancelled and declared void.

(vii)   With respect to the (7) First Loan Modification and Ratification Agreement September 23, 2009 (collectively, the "Consolidated Note"), it is cancelled and declared void.

(viii)  With respect to the (8) Second Loan Modification and Ratification Agreement dated September 29, 2010, it is cancelled and declared void.

(ix)    With respect to the (9) Third Loan Modification and Ratification Agreement dated July 25, 2011, it is cancelled and declared void.

(x)     With respect to the (10) Mortgage dated February 28, 2014 recorded on March 18, 2014 as document number R2014-022148 ("Third Mortgage"), it is cancelled and declared void.

(xi)    With respect to the (11) Mortgage dated February 28, 2014 recorded on March 18, 2014 as document number R2014-022149 ("Fourth Mortgage"), it is cancelled and declared void.

(xii)   With respect to the (12) Promissory Note dated February 28, 2014 in the amount of $670,000.00 ("Note A"), it is cancelled and declared void.

(xiii)  With respect to the (13) Promissory Note dated February 28, 2014 in the amount of $268,547.02 ("Note B"), it is cancelled and declared void.

(xiv)   With respect to the (14) Security Agreement dated February 28, 2014, it is cancelled and declared void.

(xv)    With respect to the (15) Guaranty of Payment dated February 28, 2014, it is cancelled and declared void.

(xvi)   With respect to the (1) Assignment of Real Estate Mortgage by Federal Deposit Insurance Corporation in its Capacity as Receiver for The National Republic Bank of Chicago,

Assignor, to Phoenix NPL, LLC, bearing a recording date of April 7, 2015, it is cancelled and declared void.

(xvii)  With respect to the (2) Omnibus Loan Assignment by Federal Deposit Insurance Corporation in its Capacity as Receiver for The National Republic Bank of Chicago, Assignor, to Phoenix NPL, LLC, of the certain loan made to: Pragat Purshottam, Inc. and Jay Purshottam Corporation dated February 28, 2014 in the original principal sum of $268,547.02, dated February 20, 2015, it is cancelled and declared void.

(xviii)  With respect to the (3) Omnibus Loan Assignment by Federal Deposit Insurance Corporation in its Capacity as Receiver for The National Republic Bank of Chicago, Assignor, to Phoenix NPL, LLC, of the certain loan made to: Pragat Purshottam, Inc. and Jay Purshottam Corporation dated February 28, 2014 in the original principal sum of $670,000.00, dated February 28, 2014, it is cancelled and declared void.

(xix)    With respect to the (4)  Allonge to Promissory Note dated February 28, 2014 in the original principal sum of $268,547.02, it is cancelled and declared void.

(xx)    With respect to the (5)  Allonge to Promissory Note dated February 28, 2014 in the original principal sum of $670,000.00, it is cancelled and declared void.

(xxi)    With respect to the (6)  Assignment of Real Estate Mortgage by Phoenix NPL, LLC, Assignor, to Phoenix REO, LLC, Assignee, in the original principal sum of $750,000.00, bearing a recording date of September 14, 2015, it is cancelled and declared void.

(xxii)   With respect to the (7) Assignment of Real Estate Mortgage by Phoenix NPL, LLC, Assignor, to Phoenix REO, LLC, Assignee, in the original principal sum of $275,000.00, bearing a recording date of September 14, 2015, it is cancelled and declared void.

(xxiii)  With respect to the (8) Assignment of Real Estate Mortgage by Phoenix NPL, LLC, Assignor, to Phoenix REO, LLC, Assignee, in the original principal sum of $268,547.02, bearing a recording date of September 14, 2015, it is cancelled and declared void.

(xxiv)  With respect to the (9) Assignment of Real Estate Mortgage by Phoenix NPL, LLC, Assignor, to Phoenix REO, LLC, Assignee, in the original principal sum of $670,000.00, bearing a recording date of September 14, 2015, it is cancelled and declared void.

(xxv)  With respect to the (10) Omnibus Loan Assignment by Phoenix NPL, LLC, Assignor, to Phoenix REO, LLC, of the certain loan made to: Pragat Purshottam, Inc. and Jay Purshottam Corporation dated February 28, 2014 in the original principal sum of $670,000.00, dated February 28, 2014, it is cancelled and declared void.

(xxvi)  With respect to the (11) Omnibus Loan Assignment by Phoenix NPL, LLC, Assignor, to Phoenix REO, LLC, of the certain loan made to: Pragat Purshottam, Inc. and Jay Purshottam Corporation dated February 28, 2014 in the original principal sum of $268,547.02, dated February 28, 2014, it is cancelled and declared void.

73.  Based upon the foregoing, the plaintiffs are further entitled to a binding declaration from this court as follows:

(i)  The Purchase and Sale Agreement ("PSA") for the (1) Assignment of Real Estate Mortgage by Federal Deposit Insurance Corporation in its Capacity as Receiver for The National Republic Bank of Chicago, Assignor, to Phoenix NPL, LLC, bearing a recording date of April 7, 2015, provides that the borrowers and guarantors whose instruments are being assigned are direct third-party beneficiaries of the PSA.

(ii)  The Purchase and Sale Agreement ("PSA") for the (2) Omnibus Loan Assignment by Federal Deposit Insurance Corporation in its Capacity as Receiver for The National Republic

Bank of Chicago, Assignor, to Phoenix NPL, LLC, of the certain loan made to: Pragat Purshottam, Inc. and Jay Purshottam Corporation dated February 28, 2014 in the original principal sum of $268,547.02, dated February 20, 2015, provides that the borrowers and guarantors whose instruments are being assigned are direct third-party beneficiaries of the PSA.

(iii)     The Purchase and Sale Agreement ("PSA") for the (3) Omnibus Loan Assignment by Federal Deposit Insurance Corporation in its Capacity as Receiver for The National Republic Bank of Chicago, Assignor, to Phoenix NPL, LLC, of the certain loan made to: Pragat Purshottam, Inc. and Jay Purshottam Corporation dated February 28, 2014 in the original principal sum of $670,000.00, dated February 28, 2014, provides that the borrowers and guarantors whose instruments are being assigned are direct third-party beneficiaries of the PSA.

(iv)     The Purchase and Sale Agreement ("PSA") for the (6) Assignment of Real Estate Mortgage by Phoenix NPL, LLC, Assignor, to Phoenix REO, LLC, Assignee, in the original principal sum of $750,000.00, bearing a recording date of September 14, 2015, provides that the borrowers and guarantors whose instruments are being assigned are direct third-party beneficiaries of the PSA.

(v)     The Purchase and Sale Agreement ("PSA") for the (7) Assignment of Real Estate Mortgage by Phoenix NPL, LLC, Assignor, to Phoenix REO, LLC, Assignee, in the original principal sum of $275,000.00, bearing a recording date of September 14, 2015, provides that the borrowers and guarantors whose instruments are being assigned are direct third-party beneficiaries of the PSA.

(vi)     The Purchase and Sale Agreement ("PSA") for the (8) Assignment of Real Estate Mortgage by Phoenix NPL, LLC, Assignor, to Phoenix REO, LLC, Assignee, in the original principal sum of $268,547.02, bearing a recording date of September 14, 2015, provides that the

borrowers and guarantors whose instruments are being assigned are direct third-party beneficiaries of the PSA.

(vii)    The Purchase and Sale Agreement ("PSA") for the (9) Assignment of Real Estate Mortgage by Phoenix NPL, LLC, Assignor, to Phoenix REO, LLC, Assignee, in the original principal sum of $670,000.00, bearing a recording date of September 14, 2015, provides that the borrowers and guarantors whose instruments are being assigned are direct third-party beneficiaries of the PSA.

(viii)    The Purchase and Sale Agreement ("PSA") for the (10) Omnibus Loan Assignment by Phoenix NPL, LLC, Assignor, to Phoenix REO, LLC, of the certain loan made to: Pragat Purshottam, Inc. and Jay Purshottam Corporation dated February 28, 2014 in the original principal sum of $670,000.00, dated February 28, 2014, provides that the borrowers and guarantors whose instruments are being assigned are direct third-party beneficiaries of the PSA.

(ix)    The Purchase and Sale Agreement ("PSA") for the (11) Omnibus Loan Assignment by Phoenix NPL, LLC, Assignor, to Phoenix REO, LLC, of the certain loan made to: Pragat Purshottam, Inc. and Jay Purshottam Corporation dated February 28, 2014 in the original principal sum of $268,547.02, dated February 28, 2014, provides that the borrowers and guarantors whose instruments are being assigned are direct third-party beneficiaries of the PSA.

74.    Based upon the foregoing, the plaintiffs are entitled to an additional binding declaration from this court as follows:

(i)    The assignments are void and vitiated by fraud of the Assignor, The National Republic Bank of Chicago, in whose shoes the assignee Phoenix stands, rendering the transfers of the Notes and Mortgages by assignments a nullity and vitiated by fraud; the assignments were invalid and not effective to pass legal title.

(ii)     Capital Crossing and the Phoenix entities did not comply with the terms of the PSA with the FDIC for assignment from the FDIC to Phoenix NPL, LLC or Phoenix REO, LLC by failing to inform the FDIC that the assets were obtained by officers of The National Republic Bank of Chicago through fraud against plaintiffs, Nikunj Patel and others, rendering the assignments invalid and not effective to pass legal title.

(iii)     The transfer from the FDIC to Phoenix NPL, LLC was absolutely invalid, void and a nullity.

(iv)     Kiran Patel was a borrower under the loan agreements with National Republic Bank. The validity of the assignment of the borrower's mortgage does implicate the interest of Kiran P. Patel as it pertains directly to whom he owes a debt rather than whether the debt is owed.

(v)     The plaintiff Kiran P. Patel has a significant and direct interest in the validity of the assignment contracts between Phoenix REO, LLC and Phoenix NPL, LLC and between Phoenix NPL, LLC and the FDIC.

(vi)     The plaintiff Kunj Associates, L.P., a Pennsylvania limited partnership, has a significant and direct interest in the validity of the assignment contracts between Phoenix REO, LLC and Phoenix NPL, LLC and between Phoenix NPL, LLC and the FDIC.

(vii)     The plaintiffs have suffered an injury to a legally cognizable interest in the validity of the assignment contracts.

75.     Based upon the foregoing, the plaintiffs are entitled to an additional binding declaration from this court as follows:

(i)     On March 15, 2013 by written agreement executed by Hiren Patel, chairman of the board of National Republic Bank, and Kiran P. Patel, National Republic Bank fully released Kiran Patel upon payment of $200,000.00, receipt of which was acknowledged in the instrument, and

released Pragat Purshottam Inc. for $150,000 payable over four (4) years.  See **Exhibit B**, *Written Agreement*, March 15, 2013.

(ii)     The check for $200,000.00 was delivered to Hiren Patel by Kiran Patel on March 15, 2013 and made effective the full release and satisfaction of debt of Kiran Patel and expected release of Pragat Purshottam Inc. on the stated terms.  See **Exhibit A**, Kunj Associates, *Check dated March 15, 2013*.

(iii)     Pursuant to written agreement, National Republic Bank waived all claims against Kiran Patel as guarantor upon receipt of the $200,000.00 payment on March 15, 2013 and released, settled and waived all claims against Pragat Purshottam Inc. for an additional $150,000.00.  The further payment of $50,000 to National Republic Bank as the first annual installment was timely paid made by Kiran Patel on July 11, 2014.  See **Exhibit C**, Kunj Associates, *Check dated July 11, 2014*.  The bank was closed and liquidated by the FDIC on October 24, 2014.

(iv)     All such prior instruments are null and void.

(v)     Kiran P. Patel is equitably released and discharged of all obligations.

(vi)     Plaintiffs Kunj Associates, L.P. and Kiran P. Patel are entitled to a Jury Trial on their claims for damages as stated in the Amended Complaint.

**WHEREFORE**, the defendants respectfully request the entry of judgment in the Declaration as requested above.

Plaintiffs demand Trial by a Jury of Twelve.

> **PLAINTIFFS**
> **KUNJ ASSOCIATES, L.P. and**
> **KIRAN P. PATEL**
>
>
> /s/     Paul Caghan

PAUL CAGHAN (A.R.D.C. #3123213)
*Attorney for Plaintiffs*
444 W. Lake Street
17th Floor
Chicago, Illinois 60606
(773) 469-8724
caghan1@comcast.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2021, I electronically filed the foregoing Amended Complaint with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system and that all current participants are represented by counsel or have filed an Appearance and that service will be accomplished by the CM/ECF system.


/s/      Paul Caghan
Attorney for Plaintiffs

No. 1:18-cv-08213
Kunj Associates v. Daddono

# Exhibit A





Pragat Purshotam Inc
KIRAN PATEL &
The National Republic
Bank of Chicago

Settlement
of 350,000 to release
full guaranty of Kiran.
Patel when #200,000 -
is paid by check 1289
dated 3/15/2013.
Balance #150,000 will be
paid in 3 years in 3
installments of #50,000 -
each @ 4%. Interest
payable monthly

3/15/13

FOUR SEASONS HOTEL
New York

No. 1:18-cv-08213
Kunj Associates v. Daddono

# Exhibit B



Ragat Purshotam Ju...

KIRAN PATEL &
The National Republic
Bank of Chicago

Settlement
$ 350,000 to release
full guaranty of Kiran.
Patel when $ 200,000 -
is paid by check 1289
dated 3/15/2013.
Balance $ 150,000 will be
paid in 3 years in 3
installments of $ 50,000 -
each @ 4%. Interest
payable monthly

3/15/13

FOUR SEASONS HOTEL

No. 1:18-cv-08213
Kunj Associates v. Daddono

# Exhibit C

